## No. 1152.

ROBERT G. RICHARDSON ET AL. VS. ROBERT RICHARDSON,—MRS. S. F. HEAD, INTERVENOR.

The forced heirs of a married woman have a legal right to sue the surviving husband for a specific amount of paraphernal funds of their deceased mother received by the father, if the latter has not been confirmed and qualified as their tutor during their minority. In such a case the father is their debtor under the rights of the mother, and they can enforce all her rights without recourse to an action for an account.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

---

*Potts & Hudson* for Plaintiffs and Appellees:

First—Intervenors must take the case as they find it, and cannot object to the manner in which the suit is brought. 20 Ann, 174; 19 L. 155; 4 N. S. 487; 8 R. 123; 21 Ann. 118; 27 Ann. 239.

Second—To enforce a claim for paraphernal funds against the father, inherited by a child from a deceased mother, neither a tutorship nor settlement of tutorship is necessary. 28 Ann. 830; 31 Ann. 533.

Third—A suit brought by an emancipated son and daughter against their father on account of a claim derived as heirs of their deceased mother is not a suit growing out of a tutorship, and where they thus sue as heirs no tutorship nor settlement of tutorship is necessary. 31 Ann. 533; 28 Ann. 830.

Fourth—The payment or receipt of an amount over $500 may be proven by one witness. Art. 2277 (2257) C. C. applies only to contracts. 1 N. S. 416. 8 Ann. 307; 18 Ann. 210; 21 Ann. 54; 20 Ann.

*T. O. Benton* for Defendant.

*C. J. & J. S. Boatner* for Intervenor and Appellant.

The opinion of the Court was delivered by

POCHÉ, J.    Plaintiffs are emancipaced minors, issue of the defendant's marriage with their deceased mother, and they seek as her heirs at law to enforce the claims of their mother for the restitution of her paraphernal funds received by the husband and converted to his own use and benefit, with a recognition of a legal mortgage on his immovable property.

He pleaded the general denial, but he makes no serious defence.

The real contest is between the plaintiff and the intervenor, who is a judgment creditor of the defendant and who resists the claim of the former, in so far as it may outrank her mortgage on the only remaining immovable property owned by the defendant.

She appeals from an adverse judgment; and she urges three grounds of resistance to plaintiffs pretensions.

1. That their action against their father should have been for an account, and not for a specific amount.

2. That the testimony offered by plaintiffs is not sufficient to make legal proof of their claim.

3. That the burden of proof was on plaintiffs to show that the funds alleged to have been received for account of his wife constituted her separate assets as being due to her before marriage.

I.

Conceding *arguendo* the right of intervenor to make this point, we find that plaintiffs urge no claim against their father as tutor; the record shows that he has never been confirmed or qualified as their natural tutor.

They are only claiming the rights which they have inherited from their mother, hence they are entitled to the same remedy which she could invoke, if living, for the restitution of her paraphernal funds received by her husband and converted to his own use.

At her death plaintiffs became the creditors of the surviving husband to the extent of their virile shares in the rights of their mother against the husband, and nothing has since occurred to alter or modify the relations which they have occupied towards their father, and *quoad* their claim and to the extent of their respective shares therein, their position was precisely that which their mother held before and at the time of her death.

Now we know of no law or rule of jurisprudence which would restrict the action of the wife seeking the restitution of her paraphernal funds from her husband, to a demand for an account.

The books show that in such cases the demand has always been for a specific amount; and the right of enforcing such a demand has been inherited by these plaintiffs directly from their mother.

The exercise of the precise remedy herein sought has been sanctioned by this Court, and is derived from our code. C. C. Art. 945; Bridger vs. Simonton, 28 Ann. 830; Cambre vs. Grobert et al., 31 Ann. 533.

## II.

As to the insufficiency of the evidence, intervenor contends that the only direct evidence of the amounts alleged to have been received by the defendant, of the time, of the mode of payment, and of the sources consists of the uncorroborated testimony of the defendant himself, who is testifying in behalf of his children.

It is perhaps unfortunate that many of the witnesses, such as the former tutor of the wife and several of her debtors, who could have thrown abundant light on the subject, are now dead.

But nevertheless we find in the record sufficient evidence, both documentary and parol, which leaves no doubt in our minds that the defendant did at various times and in sundry amounts receive after his marriage with Fanny Gurton, in good currency, a sum aggregating $11,500, and that the whole amount was used by him as his own funds.

It would serve no useful purpose in jurisprudence to encumber this opinion with a recital in detail of the evidence which has led us to this conclusion.

## III.

But the intervenor contends that the bulk of the moneys received for account of his wife by the defendant consisted of fruits of her paraphernal assets, principally the hire of slaves, of which he had the administration, and which therefore fell in the community.

On this point the record shows substantially:

That when the marriage took place in December, 1862, the wife was a minor, and that her property, consisting mainly of money and

slaves, was under the control of her tutor, and that very soon there-- after the husband took service in the Confederate army and did not return to his home permanently until the end of the war, in 1865; and. that portions of his wife's paraphernal assets were paid to him during· the war, but that no final account of tutorship was presented before· the month of November, 1865.

In the mean time the wife's estate remained under the management and control of her former tutor, who was also her uncle, and no at- tempt has even been made to show that the husband ever interfered; with his wife's chosen agent, either in the hire of her slaves or in the investment of her funds.

Hence we conclude that the husband did not assume the administra- tion of the separate estate of his wife before the year 1865, at which time he had already received the funds which form the basis of plain- tiff's demand, and that therefore these sums were paraphernal assets of the wife. The legal mortgage securing these funds has been pre- served by proper and timely inscription, and it is entitled to the rank provided for it by law.

Considering the source of intervenor's claim, and the sacred charac-- ter of defendant's indebtedness to her, we deeply regret the loss to· which our judgment will subject her, but at the imperative command; of law the voice of equity is hushed, and judges must perform their duty without regard to consequences.

The amounts allowed plaintiffs by the district judge are correct under the evidence, and his conclusions are sustained.

Judgment affirmed.